IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE BOSKIE,<br><br>    Plaintiff,<br><br>v.<br><br>BACKGROUNDCHECKS.COM (in its own name and trading as e-backgroundchecks.com),<br><br>    Defendant. | No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Backgroundchecks.com ("BGC"), with full reservation of all defenses, objections, and exceptions, hereby gives notice that the above-styled action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, is removed to the United States District Court for the Eastern District of Pennsylvania. In support of removal, BGC respectfully states as follows:

### STATEMENT OF THE STATE COURT ACTION

1. On September 8, 2016, Plaintiff George Boskie commenced an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, via a Complaint styled *George Boskie v. Backgroundchecks.com (in its own name and trading as e-backgroundchecks.com)*, No. 160900543 (the "State Court Action").

2. On September 19, 2016, Plaintiff served BGC with a copy of the Complaint and Summons in the State Court Action.

3. The Complaint alleges that BGC violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a *et seq.* Compl. ¶¶ 76-91. Specifically, Plaintiff alleges that BGC violated §§ 1681c(a), 1681e(b), and 1681k of the FCRA. *Id.*

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

4. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States); *see Fagin v. Gilmartin*, 432 F.3d 276, 281 (3d Cir. 2005) (regarding claims arising under federal securities law); *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 497 (E.D. Pa. 2011) (citing § 1441(b)).

5. The FCRA is a federal statute. The operative trigger for whether a claim can be brought for violation of a federal statute is whether the statute contains a private right of action. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986). Congress created an express private right of action in the FCRA for consumers to enforce the Act's provisions. 15 U.S.C. §§ 1681n and 1681o.

6. Courts in this district have long recognized federal question jurisdiction over claims arising under the FCRA. *Oates v. Wells Fargo Bank, N.A.*, 880 F. Supp. 2d 620, 621 (E.D. Pa. 2012) (exercising jurisdiction over removed FCRA claim); *Hughes v. Fid. Bank*, 709 F. Supp. 639, 640 (E.D. Pa. 1989) (holding that plaintiff may file a Fair Credit Reporting Act action in state court, but that defendant may remove it to federal court on timely petition) (citing *Haun v. Retail Credit Co.*, 420 F. Supp. 859 (W.D. Pa. 1976).

7. Here, Plaintiff has pled three counts against BGC, which are for alleged violations of the FCRA. Compl. ¶¶ 76-91. These claims are founded entirely on the FCRA's private right of action for consumers. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and this action could have been brought in federal court in the first instance. As such, the State Court Action's removal under 28 U.S.C. § 1441 is necessary and appropriate.

8. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p. Because Plaintiff seeks to enforce liabilities created under the FCRA, this Court has express and exclusive jurisdiction, per statute, over this case.

## VENUE

9. Venue is proper in this district under 28 U.S.C. § 1441(a) because it embraces the place where the State Court Action was filed and is pending.

## TIMELINESS OF REMOVAL

10. BGC files this Notice of Removal within 30 days of service of Plaintiff's Complaint and Summons. Removal is thus timely pursuant to 28 U.S.C. § 1446(b)(3).

## ATTACHMENT OF STATE COURT PLEADINGS

11. BGC has complied with 28 U.S.C. § 1446(a) by attaching all process, pleadings, and orders on file in the State Court Action collectively as **Exhibit A** hereto.

## NOTICE OF REMOVAL GIVEN TO THE STATE COURT

12. BGC has attached a copy of the Notice of Filing of Notice of Removal, to be filed in the State Court Action, as **Exhibit B** hereto. Promptly after filing this Notice with the Clerk of Court, BGC certifies it will promptly file the original of the attached Exhibit B with the Court

of Common Pleas of Philadelphia County, and serve a copy of the Notice on Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, BGC respectfully moves this Court for an order enjoining any further action in the State Court Action and removing the State Court Action to this honorable court.

Respectfully submitted, this 17th day of October, 2016.

_____
John G. Papianou (Bar No. 88149)

**MONTGOMERY McCRACKEN
 WALKER & RHOADS LLP**
123 South Broad Street
Avenue of the Arts
Philadelphia, PA  19109
Tel:  (215) 772-7389
Fax:  (215) 731-3636

Cindy D. Hanson (GA Bar No. 323920)
*Pro hac vice* forthcoming
Ross D. Andre (GA Bar No. 280210)
*Pro hac vice* forthcoming

**TROUTMAN SANDERS LLP**
600 Peachtree St. NE, Suite 5200
Atlanta, GA  30308
Tel:  (404) 885-3000
Fax:  (404) 885-3900

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2016, I served a copy of the foregoing NOTICE OF REMOVAL on counsel for Plaintiff by depositing a copy in the U.S. Mail, postage prepaid, addressed as follows:

> Ryan Allen Hancock
> Bruce M. Ludwig
> WILLIG, WILLIAMS & DAVIDSON
> 1845 Walnut Street, 24th Floor
> Philadelphia, PA 19103
>
> Patrick F. Madden
> BERGER & MONTAGUE, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103
> *Attorneys for Plaintiff*

/s/ John G. Papianou
John G. Papianou (Bar No. 88149)

29349622