# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE BOSKIE,<br><br>                    Plaintiff,<br><br>v.<br><br>BACKGROUNDCHECKS.COM (in its own name and trading as e-backgroundchecks.com),<br><br>                    Defendant. | No. 2:16-cv-05413-ER |

## DECLARATION OF CRAIG KESSLER

I, Craig Kessler, am over 18 years of age, am competent to make this Declaration, and I submit this Declaration based upon my personal knowledge of the matters set forth herein:

1. I am the founder, former President, and current Chief Executive Officer of E-BackgroundChecks.com, Inc. d/b/a Backgroundchecks.com ("BGC"). My office is in Dallas, Texas.

2. I was the President of BGC from its founding in 1999 until 2016, when I took over the role of CEO.

3. I am responsible for, among other things, overseeing employees involved in responding to and fulfilling background report requests and employees involved in acquiring and maintaining consumer data.

4. BGC is incorporated in Texas.

5. I have knowledge about BGC's policies and procedures relating to the production of consumer background reports.

6. I have reviewed the Complaint filed in the above-captioned case.

7. The allegations in the Complaint involve background screening reports of the type

that BGC provides to its customers.

8. In my present position, I am familiar with the information systems used by BGC for generating and storing reports and other information referenced in the Complaint.

9. The allegations in the Complaint relate almost exclusively to business activities of BGC that are centered in Dallas, Texas.

10. The background report prepared for Plaintiff in this case was prepared using processes designed and managed in Dallas, Texas, and the documents reflecting that report are housed in Dallas, with a redundancy in Chapin, South Carolina.

11. The procedures that BGC uses to ensure the maximum possible accuracy of consumer reports as challenged in this case—i.e., BGC's procedures with respect to alleged duplicate reporting of records—were all developed and implemented in Dallas, Texas. The procedures that BGC uses to comply with § 1681c of the FCRA were also developed and implemented in Dallas, Texas.

12. BGC's management team is located in Dallas, Texas.

13. BGC's personnel and information related to client relations, sales, product management, and data acquisition are all located in Dallas, Texas.

14. Customers submit requests for consumer background reports to BGC. Customers typically order reports for employment screening purposes from BGC through the Internet. Fulfillment of those requests is managed in Dallas, Texas through computer systems and personnel working under my supervision.

15. Documents reflecting how a customer orders a report and the information required during the ordering process are housed in Dallas, Texas.

16. The information exchanged between BGC and its customers is processed and

stored in Dallas, Texas and Chapin, South Carolina.

17. Interactions between BGC and customers seeking background checks are handled by employees working in Dallas, Texas.

18. Data used for generating and storing reports and other information is maintained on two duplicate server systems, one of which is in Dallas, Texas, the other of which is in Chapin, South Carolina.

19. The information in the reports that BGC sends to its customers is housed in Dallas, Texas and Chapin, South Carolina.

20. The majority of information regarding how BGC acquires the data that populates its database is located in Dallas, Texas.

21. The persons most knowledgeable of how BGC acquires the data that populates its database are in Dallas, Texas.

22. Records of communications between BGC and consumers are stored in a database housed in Dallas, Texas and Chapin, South Carolina.

23. Electronic mail of BGC's employees is stored in Dallas, Texas and Chapin, South Carolina.

24. BGC does not have offices, employees, or equipment in Pennsylvania. BGC does not process or store any documents or information in Pennsylvania.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8TH day of November, 2016.

Craig Kessler

3

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of November, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

/s/ John G. Papianou  
John G. Papianou (Bar No. 88149)
